Allen, J.
Hpon a former appeal it was adjudged by this court, reversing the judgment of the Superior Court of the *325 city of New York, that the agreement of the defendants was a consummated and completed contract for the sale and delivery to the plaintiff of 1,000 Enfield pattern rifles at the price and upon the terms stated in the written memorandum signed by the defendants, and that such contract was supported by a sufficient consideration. (Justice v. Lang, 42 N. Y., 493.) This having been solemnly decided, after two Arguments and upon a full consideration by the court, it must be regarded as the law of this case. If there was any reason to suppose that the merits of the questions involved had not been fully considered, or that any fact had been misunderstood, or any principle or any authority bearing upon the validity of the contract had been overlooked, it might justify a review of the same question at this time. But when, as here, every consideration that could affect the judgment has been weighed and passed upon after two full arguments, it would not be seemly, upon an adventitious change in the personal constitution of the court, upon the same case coming before it upon an appeal, after another trial in which the former adjudication has been followed, to review and reverse the' former decision. The question is not merely whether the case, as reported, is an authority to be followed as a precedent, but whether the judgment is not to be regarded as final in the same case and between the same parties, in the absence of any new evidence or other circumstance to take it out of the rule. The court held, in another case recently before it (Sae'kett'v. Ayrcmlt), that it would not reconsider the questions deliberately decided by jfche court upon a former appeal in the same case, but would adopt and follow such decisions.
Whether, therefore, the case was well decided, as reported in 42 N. Y., will not be considered. The case presented a grave question; and without more consideration than I have now given it, I should have hesitated before assenting to the conclusions of the learned and accurate judge by whom the prevailing opinion was given, that a promise void in law, made by one party, was a good consideration for a promise by the other. It is not easy to discover any of the elements *326 of' a consideration in such, a void promise. It is neither a benefit to the one nor a loss to the other party. The fact that the promise of the defendants was in writing and subscribed by them, as required by the statute of frauds, did not dispense with the necessity of a consideration, and that is found, as is claimed, in the implied verbal promise of the plaintiff to accept and pay for the rifles.
This leads to the inquiry whether there was such a promise.
It was Assumed by the court, on the former hearing, that such a promise might be implied from the circumstances. The judge at the trial had dismissed the complaint on the-ground that the promise of the defendants was a nude fact, and all that this court decided was that a promise by the plaintiff to purchase the rifles, although not valid at law, was a good consideration. It did not and could not decide that such a promise was made; that was a question of fact. Upon the second trial, which is now before us for review, the judge refused to submit any question except two specific questions, and both relating to the -damages, to the jury, and to this the defendants excepted. He ruled and decided that the plaintiff was entitled to recover, and stated “that he would allow but those two questions to go to the jury.” The right of the plaintiff to recover necessarily rested upon the theory upon i which the recovery was had, to wit, the written promise of the defendants, and the verbal promise of the plaintiff, simultaneous with the written promise, together constituting a consummated agreement upon which the defendants have been charged. All prior negotiations were merged in the contract thus made. There was no express agreement on the part of the plaintiff, that-is, he did not then and there say, in totidem verbis, that he would purchase and pay for the rifles. The plaintiff does say, “ that contract was accepted by me,” and it is possible that he intended to say that he accepted it at that time. He does not say that he so informed the defendants. The language is equivocal. In one sense, he accepted it when he put the paper in his pocket and carried it away; and, in another *327 sense, he may have accepted it as a voluntary promise or proposal to sell and deliver the arms, leaving' it optional with him to accept or refuse them; and in still another sense, by consenting to its terms and agreeing to abide by and perform it as the vendee named in it.
What was intended by this equivocal expression was a question of fact. As bearing on the evidence of the defendant Wheeler, and corroborating him, it may be stated, passim, that on cross-examination the plaintiff testified that, at the commencement of the interview, he had proposed to “ give an order for some Enfield rifles, English patternand the presumption is that a written order was intended. The defendant Wheeler testified that an order was to be given; and that when he handed the memorandum to the plaintiff he said to him, the plaintiff, “ give me the order,” and that the defendant put the memorandum in his pocket, and, looking knowingly, said, in substance, he had to write all night, and when he got to Philadelphia he would send the order and a letter of credit. The plaintiff says this order and letter of credit referred to another lot of 1,000 rifles. So far as the evidence was conflicting it was for the jury to pass upon; and this court cannot say that that tribunal would not have found the fact in accordance with the version of Wheeler. For all the purposes of this appeal it may be conceded, without so affirming, that there was evidence sufficient to authorize the jury to presume and so find a promise by the plaintiff as is claimed, and that a verdict to that effect would not be set aside as against evidence. But no such presumption exists as a presumption of law. At most, it is a presumption of fact, and to be decided by the jury within the rule which so clearly separates the office of the judge from that of the jury. “Ad qaaestionem faeti non respondent judiees; ad gucestionem legis non respondent jur atores A (Broom’s Leg. Max., 105.)
“ Presumptions of law are, in reality, rules of law and part of the law itself; and the court may draw the inference whenever the requisite facts are developed, whether in pleading or *328 otherwise, while all other presumptions, however obvious, being only inferences of fact, cannot be made without the intervention of a jury.” (Best on Presumptions, 18.) The presumption of innocence, of sanity, that all men are free, etc., are examples of presumptions of law. So, too, a promise will be implied from a legal obligation. But the presumption of the existence of one fact from the existence of another, that is, the process of ascertaining one fact from the proof of another fact, is within the exclusive province of the jury. (1 Green. Ev., § 48.) The usual presumption as to a ship which becomes distressed, or founders without apparent cause shortly after leaving port, is that she was unseaworthy when she sailed; but the presumption is one of fact and for the jury, and not of law for the court. (Foster v. Steele, 3 Bing. [N. C.], 892.) So, long possession is evidence of a grant; but the cogency of such evidence is for the consideration of the jury, under instructions from the court, and subject to the power of the court to set aside the verdict if against evidence. (Best on Presumptions, 50.) Whether an agreement to pay interest is to be presumed from the established usage and custom is a question for the jury. (Meech v. Smith, 7 W. R., 315.) When there is a dispute as to the facts which go to prove the making of a new promise, whether a sufficient promise has been made to take the case out of the statute of limitations, is a mixed question of law and fact for the jury. (Clark v. Dutcher, 9 Cow., 674.)
When there is a transfer of property, the ownership of which carries with it a legal obligation or a grant of an estate subjecting the grantee to certain liabilities, the assumption of the obligation and liability will result by legal implication from the acceptance of the transfer or of the estate. But both the transfer and the grant are executed contracts—completed acts, vesting the "property, or estate, in the transferree or grantee, and the parties take cum onere. (Johnson v. Underhill, decided by this court February 11, and cases cited by Folger, J.) So, when an agreement inter partes is subscribed by both the contracting parties, a promise or *329 covenant will be implied by one to do or perform that which is stated to be the consideration of the acts expressly undertaken by the other. (Pordage v. Cole, 1 Sand. R., 319.)
These presumptions are usually regarded as legal presumptions and reduced to fixed rules, but whether they are strictly so is not material. But presumptions of fact, which come within the province of the jury, are said to be but mere arguments, of which the major premise is not a rule of law, and are to be judged by the common and received tests of the truth of propositions and the validity of arguments. (1 Grreenl. Ev., § 44.)
Presumptive evidence and the presumptions or proofs to which it gives rise are not indebted for their probative force to any rules of positive law; but juries, in inferring one fact from others which have been established, do nothing more than apply, under the sanction of the law, a process of reasoning, the force of which rests on experience and observation, and such inferences are presumptions of fact. (Best Pres. Ev., 15, § 14; Morgan v. Ravey, 6 H. & .N., 265.) A promise is not, under all circumstances, implied from the fact that a promise has been made by another party to which that sought to be implied would be the correlative, and so the parties placed under mutual obligations to each other. (Churchward v. Coleman, L. R. [1 Q. B.], 173.) There was no transfer of property from the defendants to the plaintiff, accepted by the latter, from which a promise to pay the stipulated price would be inferred. There is no agreement in form or in fact between the parties, signed by both, from which mutual and corresponding undertakings would be implied. The undertaking of the defendants is, in form as well as in execution, unilateral. The act of the plaintiff, in putting the memorandum in his pocket and walking off, has no particular legal significance, and no inference can be drawn from it as a legal presumption. The plaintiff does not claim that he, by words, came under any obligation, or assumed any liability upon the receipt by him of the memorandum. If *330 reference is had to all that he states of the negotiation, nothing will be found to authorize a legal presumption of an agreement by him to purchase the rifles. On his direct examination he says, as a preliminary to the production of the written memorandum, that Wheeler, one of the defendants, proposed to furnish him one or two thousand Enfield English pattern rifles at the price of eighteen dollars. Being cross-examined, he said that when he met Wheeler he proposed to give an order for Enfield rifles, and on re-examination that they talked of two (thousand), but only contracted for one. The letters of May sixteenth and twenty-first, between the parties, furnish some additional evidence of an agreement of some kind, but what that agreement. was, or whether the letters referred to the memorandum signed by the defendants, does not appear. They do not refer to the memorandum or point to any particular agreement, so as to dispense with extrinsic evidence or take the question of fact from the jury. Whether the letter of the plaintiff is a sufficient note or memorandum of the bargain, so as to satisfy the statute of frauds and bind him, is not very clear; and,. as it was not considered by counsel, will not be passed upon.
Had the letter referred in any way to the memorandum, so as to identify it as the contract referred to, it is probable it would have been a sufficient compliance with the statute of frauds. (Gibson v. Holland, L. R. [1 C. P.], 1.) The evidence of the defendant Wheeler does not aid the plaintiff. His testimony tends very strongly to show that no verbal promise was made or accepted, that the undertaking and contract of the plaintiff was to be in writing and in the form of an order, and such order could well contain all the elements and terms of a contract, and when signed and delivered in exchange for the memorandum or promise of the defendants the two papers would constitute a valid contract within the statute of frauds, and obligatory upon each of the contracting parties. According to Wheeler, when he met the plaintiff the latter said, “ I want to order 2,000 rifles, and I must have a time fixed for their deliveryand after a certain representation as to the *331 capacity of Birmingham for the manufacture of rifles, the witness says, “upon the strength of that entirely I consented to take an order for 2,000 guns.” The plaintiff then asked him to write an agreement for 1,000, which he did, and handing it to him, asked him for the order in the words “give me the order,” and the plaintiff promised to send it from Philadelphia, assigning a reason why he did not give it then. The jury would have been authorized to find from all the circumstances and the evidence that the memorandum was not delivered absolutely, but only in the expectation and on the condition that a written order should be given by the plaintiff in a form to make it a valid contract, obligatory upon him as well as the defendants, and that the understanding of both parties was that the contract was incomplete, and only to become perfect upon the receipt, by the defendants, of the written order from the plaintiff. . It cannot be presumed as matter of law that the defendants intended to accept from the •plaintiff anything less than a promise valid in law, or that there was in fact a. parol or verbal undertaking by the plaintiff; and if such an inference is.to.be drawn it must be done by the jury as a presumption of fact, and not by the court as a presumption of law. The transaction must be spelled out from the facts proved. The principal fact is not directly proved, and all the facts and circumstances are only evidence bearing more or less cogently on the main fact; and the force and weight of the evidence, and the just and reasonable inferences to be deduced from them, should have been passed upon by the jury.
There are other questions presented by the record; but as the views already expressed lead to a reversal of the judgment, they will not be considered.
The judgment must be reversed and a new trial granted.
All concur.
Judgment reversed.